**FILED**

**JUL 2 2 2021**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 21-30114-DWD |
| vs. ) | |
| ) | Title 18, United States Code, Section 1347 |
| SHOMANICKA N. HOLLY, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1

**Health Care Fraud – 18 U.S.C. § 1347**

1. At all times material to this indictment:

    a. The State of Illinois paid personal assistants hourly wages for performance of services for a qualified beneficiary. The State of Illinois required the qualified beneficiary to have a written Employment Agreement with the personal assistant and/or an Individual Provider Payment Policies form. The State of Illinois also required the qualified beneficiary to have a Service Plan listing all services to be provided.

    b. In order for the personal assistant to receive payment from the State of Illinois, the beneficiary had to submit a Home Services Program Time Sheet form signed by both the beneficiary and personal assistant listing the hours worked by the personal assistant during a specified time period.

    c. The Home Services Program was a Medicaid Waiver Program which was designed to provide a disabled individual who, with assistance in performing daily living activities in the home, would not require similar care in a nursing home. The Illinois Department of Human

Services, Division of Rehabilitation Services (DORS) administers the program. Medicaid Waiver programs enable states to use both state and federal Medicaid funds to pay for services related to medical care that would not ordinarily be covered under Medicaid.

    d.    Defendant SHOMANICKA HOLLY worked as a personal assistant for a qualified Medicaid beneficiary, identified hereafter as B.H., pursuant to a signed Employment Agreement Between Customer and Personal Assistant.

    e.    In order to act as B.H.'s personal assistant, HOLLY signed a DHS Division of Rehabilitation Services (DORS) Individual Provider Payment Policies form (IL488-2252) acknowledging her understanding of DORS Home Services Program policies, including the following related to fraud:

> *Individual Providers can only be paid for the hours they worked for the customer per the HSP Service Plan. Billing for hours not worked constitutes Medicaid fraud.*
>
> *Individual Providers can only be paid for hours and tasks performed in the customer's home unless the task must be completed outside the home such as laundry due to no facilities in the home, banking, and grocery shopping.*
>
> *Individual Providers cannot charge HSP for the same hours worked when working another job. This includes working for other HSP customers or as a childcare provider paid through the Department of Human Services. This constitutes fraud and will be prosecuted as such.*

    2.    From on or about August 11, 2016, until on or about June 27, 2019, in Saint Clair County, within the Southern District of Illinois,

SHOMANICKA N. HOLLY,

defendant, did knowingly and willfully execute a scheme to defraud a health care benefit program, affecting interstate commerce as defined in Title 18, United States Code, Section 24(b), namely Medicaid, in connection with the delivery of and payment for health care benefits and services.

3. It was the object of this scheme to defraud that HOLLY received federal Medicaid payments for time that she did not actual work as a personal assistant.

4. As part of the scheme to defraud, on May 10, 2016, while acting as B.H.'s personal assistant, HOLLY started working at Route 3 Liquors, in Sauget, Illinois.

5. It was further part of the scheme to defraud that HOLLY signed Home Services Program Time Sheets on which she falsely claimed hours of personal assistant services that were not actually performed on the dates and times as reported because HOLLY was actually working at Route 3 Liquors during those dates and times.

6. It was further part of the scheme to defraud that HOLLY signed each Home Services Program Time Sheet under the following printed information:

> *I certify that the above information is true and in accordance with the Individual Provider Payment Policies (IL488-2252). I certify the above information is true and that the customer was in his or her home at the time services were rendered (not on unapproved vacation, in the hospital, in a nursing home, etc.). I understand falsification of any information submitted on this form could lead to criminal prosecution.*

7. On or about March 1, 2017, in Saint Clair County, within the Southern District of Illinois,

SHOMANICKA N. HOLLY,

for the purpose of executing the scheme to defraud described in the preceding paragraphs, and attempting to do so, knowingly did cause to be submitted a Home Services Program Time Sheet requesting payment for personal assistant services not actually performed;

In violation of Title 18, United States Code, Section 1347.

## COUNT 2

1. Paragraphs 1 through 6 of Count 1 of this indictment are re-alleged here.

2.  On or about August 1, 2018, in Saint Clair County, within the Southern District of Illinois,

SHOMANICKA N. HOLLY,

for the purpose of executing the scheme to defraud described in the preceding paragraphs, and attempting to do so, knowingly did cause to be submitted a Home Services Program Time Sheet requesting payment for personal assistant services not actually performed;

In violation of Title 18, United States Code, Section 1347.

### COUNT 3

1.  Paragraphs 1 through 6 of Count 1 of this indictment are re-alleged here.

2.  On or about June 27, 2019, in Saint Clair County, within the Southern District of Illinois,

SHOMANICKA N. HOLLY,

for the purpose of executing the scheme to defraud described in the preceding paragraphs, and attempting to do so, knowingly did cause to be submitted a Home Services Program Time Sheet requesting payment for personal assistant services not actually performed;

In violation of Title 18, United States Code, Section 1347.

_____
LUKE J. WEISSLER
Assistant United States Attorney

_____
Digitally signed by STEVEN WEINHOEFT
Date: 2021.07.20 17:05:24 -05'00'
STEVEN D. WEINHOEFT
United States Attorney

Recommended Bond: $5,000 unsecured

4